FILED IN UNITED STATES DISTRICT COURT, DISTRICT OF UTAH

AUG 1 1 2006

MARKUS B. ZIMMER, CLERK
BY_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CHRISTINA M. ELLIS,<br><br>Plaintiff,<br><br>vs.<br><br>JO ANNE B. BARNHART<br>Commissioner of the Social Security Administration,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER ON ADMINISTRATIVE APPEAL**<br><br><br>Case No. 2:05cv303<br><br>Judge Dale A. Kimball |

Plaintiff, Ms. Christina M. Ellis, appeals the denial of her claims for Disability Insurance Benefits and Supplemental Security Income by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). For the reasons outlined below, the Commissioner's decision is REVERSED and REMANDED.

### I. STANDARD OF REVIEW

The Commissioner's decision is reviewed to determine whether the factual findings are supported by substantial evidence and whether the relevant legal standards were correctly applied. Daniels v. Apfel, 154 F.3d 1129 (10th Cir. 1998), citing Castellano v. Secretary of Health & Human Services, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a mere scintilla but less than a preponderance. "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389 (1971).

## II. DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining disability. The five steps are: (1) whether the claimant is currently working; (2) whether the claimant suffers from a severe impairment; (3) whether the impairment meets or equals the criteria for an impairment listed in Appendix 1 of 20 C.F.R. Subpt. P; (4) whether the impairment prevents the claimant from performing her past relevant work; and (5) whether the impairment prevents the claimant from performing other work. The burden is on the Plaintiff to meet the first four steps. However, if Plaintiff does meet all four, the burden shifts to the Commissioner to establish that there are other jobs existing in a significant number in the national economy which Plaintiff is capable of performing.

In this case, the ALJ found that Ms. Ellis had not engaged in substantial gainful activity since the date she alleged she became disabled (July 15, 2000), and that she suffers from severe impairments. The ALJ found that Ms. Ellis's condition does not meet a Listings impairment. At step four the ALJ concludes Ms. Ellis has no past relevant work and the burden shifted to the Commissioner to show Ms. Ellis can perform other work available in significant numbers. At step five, the ALJ finds Ms. Ellis can perform work as a cashier, a housekeeper, and a dishwasher, and therefore, relying on a component of the VE's testimony, concludes she can perform jobs available in significant numbers, and thereby denies her claim. The ALJ's findings at steps one, two and four are not disputed in this appeal.

In her appeal, Plaintiff raises the following issues: (1) whether the ALJ's credibility finding at step five is based on legal error; (2) whether the ALJ failed to develop the record by failing to order a psychological assessment; and (3) whether the ALJ's determination regarding Ms. Ellis's mental RFC assessment is supported by substantial evidence.

First, Ms. Ellis argues that the ALJ's finding that Ms. Ellis's testimony was not fully credible is contrary to federal case law. I agree. The ALJ ruled that Ms. Ellis's testimony was not fully credible because (1) Ms. Ellis's vision problems could be treated with glasses or contact lenses and her migraines could be treated with medications, and (2) Ms. Ellis had applied for both job placement and disability benefits. However, it is legal error to hold against a claimant (1) the failure to get treatment when it cannot be afforded and (2) the attempts to find employment after the onset date of the disability. Both considerations are improper grounds on which to base a credibility finding.

Social Security Ruling 96-7p gives guidelines for assessing the claimant's credibility, stating: "[An] individual's statements may be less credible ... if the medical reports or records show that the individual is not following the treatment as prescribed and there is no good reason for this failure." SSR 96-7p (on the web at www.ssa.gov/OPHome/rulings). A claimant's proven inability to afford the prescribed treatment is a "good reason" for not following the treatment. "Several [courts] have considered whether disabled claimants may be denied benefits if their condition is remediable but they cannot afford the necessary medical treatment. All have concluded that the Commissioner may not deny benefits in those circumstances." Gamble v. Chater, 68 F.3d 319, 320-321 (9th Cir. 1995); see also Lovelace v. Bowen, 813 F.2d 55, 59 (5th Cir. 1987) ("the medicine or treatment an indigent person cannot afford is no more a cure for his condition than if it had never been discovered"). Contrary to these rules, the ALJ finds that Ms. Ellis's testimony is not credible because she failed to get glasses and does not take Midrin, a medication that diminishes the severity of her migraines. The ALJ erred in holding Ms. Ellis less credible because she has not followed prescribed treatment she cannot afford.

Also, a claimant's "willingness to work or attempts to find work are not a proper basis for discrediting" disability claims. Harrison v. Shalala, 1994 U.S. Dist. LEXIS 18931 (D. Kan. 1994); see also Cavitt v. Schweiker, 704 F.2d 1193, 1195 (10th Cir. 1983). The Court finds that the ALJ erred in holding that, because Ms. Ellis applied for both job placement assistance and disability benefits, Ms. Ellis must have believed she was capable of work and she was therefore not credible. A claimant should not be penalized for trying to find employment in spite of her disability. To accept the ALJ's reasoning would encourage disability claimants to refrain from seeking work in order to protect their claims for disability benefits.

Therefore, the Court REMANDS the case on this issue for a proper consideration of Ms. Ellis's credibility.

Second, Ms. Ellis argues that the ALJ failed to adequately develop the record by not ordering a psychological evaluation. The ALJ has a basic duty to develop a full and fair record. 20 C.F.R. § 416.912(d). In order to comply with this duty, the ALJ is required to order an examination where there is not sufficient evidence to make a determination regarding a diagnosis contained in the record. See 20 C.F.R. §§ 404.1519(a) and 416.1919(a); Hawkins v. Chater, 113 F.3d 1162 (10th Cir. 1997). The evidence contained in the record and evidence presented during the hearing before the ALJ shows that Ms. Ellis had been seeing a mental health counselor for depression, and that the counselor recommended Ms. Ellis continue counseling. The ALJ acknowledged that Ms. Ellis "has suicidal thoughts twice a month and has made plans." Despite this testimony and evidence, the ALJ did not order that Ms. Ellis undergo any psychological testing. In fact, the ALJ made no effort to explain why she did not feel such was necessary, even though counsel for claimant requested that the judge consider such. This failure to order

additional tests to evaluate the mental problems of Ms. Ellis, which were already contained in the record, is a breach of the ALJ's duty to fully develop the record and resolve ambiguities.

The Court REMANDS this matter and RECOMMENDS that the ALJ order a psychological evaluation of Ms. Ellis so that her mental impairments can be properly considered.

Third, Ms. Ellis argues that the RFC determination made by the ALJ was not supported by substantial evidence because it did not incorporate any limitations regarding her migraines or depression. Because the case has already been REMANDED on the prior two issues, the Court finds it unnecessary to reach this issue.

### III. CONCLUSION

Based upon the above analysis, IT IS HEREBY ORDERED that the Commissioner's decision denying Ms. Ellis's applications for Disability Insurance Benefits and Supplemental Security Income is REVERSED and REMANDED.

DATED this 11th day of August, 2006.

_____
Judge Dale A. Kimball
United States District Court

Approved as to form:

_____
Amy Oliver
Office of the U.S. Attorney
Counsel for Defendant